MICHAEL J. ROESSNER, DC SBN 501875
Email: Roessnerm@sec.gov
Attorney for Plaintiff
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F. Street NE, Mail Stop 5631
Washington, D.C. 20549
Telephone: (202) 551-4347
Facsimile: (703) 813-9366

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Petitioner,<br><br>v.<br><br>LAWRENCE M. LABINE,<br><br>Respondent. | Case No.:<br><br>**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 20(C) OF THE SECURITIES ACT, SECTION 21(E) OF THE EXCHANGE ACT, SECTION 209(D) OF THE ADVISERS ACT AND SECTION 42(D) OF THE INVESTMENT COMPANY ACT ENFORCING COMPLIANCE WITH COMMISSION ORDER** |

The Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), to enforce compliance by the Respondent, Lawrence M. LaBine ("LaBine"), with a final Commission order entered against him on April 22, 2016. This order required LaBine to disgorge $100,000 plus prejudgment interest and injunctive relief.

In support of its Application, the Commission states as follows:

## INTRODUCTION

1. The Commission seeks by this Application to enforce an order of the Commission, which found that LaBine violated Securities Act Section 17(a), Exchange Act Section 10(b) and Rule 10b-5 and Advisers Act Section 206(1) and (2).

2. Respondent has failed, refused and neglected to comply with the Commission Order in that he has not paid any portion of the disgorgement and prejudgment interest imposed upon him.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. LaBine, age 55, is a resident of Fountain Hills, Arizona.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act, and Sections 21(e)(1) and 27(a) of the Exchange Act, Section 209(d) of the Advisers Act, and Section 42(d) of the Investment Company Act.

6. Venue lies in the District of Arizona under Section 22(a) of the Securities Act, Section 27(a) of the Exchange Act, Section 44 of the Investment Company Act, Section 214(a) of the Advisers Act. Respondent is "found" or is an "inhabitant" of this District.

## STATEMENT OF RELEVANT FACTS

7. The Commission Order found, in summary, that Lawrence M. LaBine recommended and sold investments in debt securities called Series D debentures issued by Domin-8 Enterprise Solutions, Inc., a startup software company. The vast majority of LaBine's clients who purchased these debentures were his advisory clients. The Commission alleged that LaBine violated the antifraud provisions of the federal securities laws because he: 1) did not

disclose potential incentive compensation for the sales; 2) did not disclose his fundraising role and commitments to Domin-8 to sell the debentures; and 3) made material misrepresentations about the investment's risks.

8. After an administrative proceeding, an initial decision was issued on March 2, 2016, in which the administrative law judge found that evidence supported the Commission's allegations and ordered:  a cease-and-desist order; a two-year investment company bar; a bar from association with any investment adviser, broker, or dealer, with a right to reapply for association in two years; and disgorgement of $100,000 plus prejudgment interest.

9. LaBine did not petition for review of the initial decision.  On April 22, 2016, the Commission issued an Order giving notice that the initial decision of the administrative law judge had become the final decision of the Commission with respect to LaBine.

10. LaBine did not seek review of the Order, and his time to do so has expired.

11. LaBine has not made any payment towards the disgorgement obligation, which remains due and owning with additional interest continuing to accrue pursuant to Rule 600 of the Commission's Rules of Practice.

## **ARGUMENT**

12. The Commission brings this proceeding under Section 20(c) of the Securities Act, Section 21(e) of the Exchange Act, Section 209(d) of the Advisers Act, and Section 42(d) of the Investment Company Act.  These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

13. Proceedings under these provisions are summary in nature.  *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003).  In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted

without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

14. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

15. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Respondent to show cause why this Court should not enter an Order enforcing compliance with the Commission Order.

II.

That the Court thereafter enter an Order enforcing the Commission Order and requiring:

LaBine to disgorge $100,000 plus prejudgment interest, pursuant to Rule 600 of the Commission's Rules of Practice, to the United States Securities and Exchange Commission, and injunctive relief.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

V.

That the Court order such other and further relief as may be just and proper.

Dated: February 1, 2018

Respectfully submitted,

s/MICHAEL J. ROESSNER
MICHAEL J. ROESSNER
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5631
Washington, DC 20549-0022
RoessnerM@SEC.gov
Telephone:   202.551.4347
Facsimile:    703.813.9366
Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission